# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOMERSET PACIFIC LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-7099** |
| **TUDOR INSURANCE CO.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is Defendant Tudor Insurance Co.'s ("Tudor") Partial Motion for Summary Judgment on Attorney's Fees (Doc. 60) and Partial Motion for Summary Judgment on Breach of Fiduciary Duty (Doc. 62). For the following reasons, the Motion on Attorney's Fees is GRANTED, and the Motion on Breach of Fiduciary Duty is DENIED.

## BACKGROUND

This litigation arises out of a 2014 lawsuit in the 19th Judicial District of Louisiana, *Mahoney v. Somerset*, in which the plaintiffs alleged that a 2-year-old child was severely burned by hot water at an apartment complex owned by Plaintiff Somerset Pacific, LLC ("Somerset"). Both Somerset and its insurer, Tudor, were defendants in the *Mahoney* litigation. Somerset was insured by a $1 million primary liability policy with Defendant Tudor, as well

1

as a $10 million excess policy with Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"). Tudor accepted Somerset's defense and hired the law firm of Musgrave, McLachlan & Penn, LLC ("MMP") to represent Somerset and Tudor in *Mahoney*. Tudor ultimately settled the Mahoneys' claims for its policy limits, but Somerset alleges that it failed to protect Somerset's interests in doing so.

In this matter, Somerset brings claims for negligence, breach of contract, breach of duty of good faith and fair dealing, and bad faith misrepresentations against Tudor for its actions in *Mahoney*. In its Complaint, Somerset seeks damages and "attorneys' fees and costs incurred by Somerset in the underlying matter and prosecuting this claim."

Tudor now moves for partial summary judgment on Somerset's claim for attorneys' fees incurred in prosecuting its claims against Tudor in the instant litigation. In a separate motion, Tudor moves for partial summary judgment on Somerset's claim for breach of the duty of good faith and fair dealing. Somerset opposes theses motions.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).

of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

---

[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] Boudreaux v. Banctec, *Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

### A. Partial Motion for Summary Judgment on Attorneys' Fees

"A party shall recover attorney fees only when authorized by statute or stipulated by contract."[9] Tudor alleges that Plaintiff is neither contractually nor statutorily entitled to recover attorneys' fees incurred in prosecuting its claims against Tudor in this matter. Tudor does not, however, dispute that Somerset may be entitled to recover attorneys' fees incurred in the *Mahoney* Litigation. Plaintiff alleges that it is entitled to attorneys' fees and costs as damages. However, even the cases cited by Plaintiff support Tudor's position.

In *Ramp v. St. Paul Fire & Marine Ins. Co.*, the Louisiana Supreme Court held that attorneys' fees were available as part of an award of damages for legal malpractice when the plaintiffs had to hire new lawyers to secure their rights in a succession.[10] "These [damages] included the additional cost of resisting the judicial enforcement of the compromise in the trial court, of appealing and obtaining reversal of the adverse trial court judgment, and of appearing and arguing before the Supreme Court when certiorari was granted to the executrix."[11] The Court did not, however, include as damages the attorneys' fees incurred in prosecuting the legal malpractice claim.[12] Subsequent cases have confirmed that a "plaintiff may be entitled to attorney's fees associated with the underlying action which the defendant attorney negligently handled but not for attorney's fees associated with prosecuting the

---

[9] L.S. Huckabay, M.D. Mem'l Hosp., Inc. v. KPMG Peat Marwick, LLP, 843 So. 2d 1186, 1201 (La. App. 2 Cir. 2003).
[10] So. 2d 239, 245 (1972).
[11] *Id.*
[12] *Id.*

4

malpractice claim."[13] This logic has been expanded to cases involving other types of professional malpractice.[14] Louisiana law does not entitle Plaintiff to attorneys' fees incurred in prosecuting its claims against Tudor. In addition, Plaintiff does not identify any contractual provision entitling it to prosecution costs. Accordingly, Tudor is entitled to partial summary judgment on Plaintiff's claim for attorneys' fees incurred in the prosecution of its claims against Tudor in this action. No judgment is entered as to Plaintiff's claim for attorneys' fees incurred in the underlying *Mahoney* litigation.

**B. Partial Motion for Summary Judgment on Duty of Food Faith and Fair Dealing**

Next, Tudor moves for summary judgment on Plaintiff's claim for breach of the statutory duty of good faith and fair dealing under Louisiana Revised Statutes § 22:1973 for failure to obtain Plaintiff's release in settlement.[15] Plaintiff alleges that Tudor breached its fiduciary duty to Plaintiff by settling the *Mahoney* Litigation for its policy limits without securing release of Plaintiff's excess exposure. Louisiana Revised Statutes § 22:1973 provides that an insurer "owes to his insured a duty of good faith and fair dealing" and that breach of that duty shall result in liability for "any damages sustained as a result of the breach." "[I]n every case, the insurance company is held to a high fiduciary duty to discharge its policy obligations to its insured in good faith—including the duty to defend the insured against covered claims and to consider

---

[13] Sherwin-Williams Co. v. First Louisiana Const., Inc., 915 So. 2d 841, 848 (La. App. 1 Cir. 2005); *see* Henderson v. Domingue, 626 So. 2d 555, 560 (La. App. 3 Cir. 1993).

[14] *See* L.S. Huckabay, M.D. Mem'l Hosp., Inc., 843 So. 2d at 1201.

[15] Plaintiff's opposition asserts several other grounds for its breach of fiduciary duty claim, which Tudor does not address.

5

the interests of the insured in every settlement."[16] To show breach, Plaintiff "must prove the insurer knowingly committed actions which were completely unjustified, without reasonable or probable cause or excuse."[17] "[T]he determination of whether an insurer acted in bad faith turns on the facts and circumstances of each case."[18]

Tudor argues that pursuant to Louisiana law it has a right to settle for its policy limits without securing a release of Plaintiff's uninsured exposure provided the settlement does not prejudice Plaintiff.[19] Tudor argues that Plaintiff cannot show that the settlement prejudiced it because Tudor continued to defend Plaintiff after its settlement until its excess carrier assumed its defense, and Plaintiff was not ultimately subject to any uninsured liability. Plaintiff, however, argues that it was prejudiced by its risk of exposure above the excess insurance policy limits. It argues that it incurred additional fees and costs in expanding the representation of counsel to protect it after the settlement.[20] Further, it argues that it was prejudiced by the withdrawal of MMP, counsel hired by Tudor, just two months prior to the scheduled trial.

The Court finds that Plaintiff has submitted enough evidence to present a material issue of fact regarding whether it was prejudiced by Tudor's

---

[16] Pareti v. Sentry Indem. Co., 536 So. 2d 417, 423 (La. 1988).
[17] Lastrapes v. Progressive Sec. Ins. Co., 51 So. 3d 659, 663 (La. 2010).
[18] Maloney Cinque, L.L.C. v. Pac. Ins. Co., 89 So. 3d 12, 22 (La. App. 4 Cir. 2012).
[19] *See Pareti*, 536 So. 2d at 423; Kantack v. Progressive Ins. Co., 618 So. 2d 494, 498 (La. App. 4 Cir. 1993).
[20] Plaintiff obtained the representation of the Sher Garner law firm prior to Tudor's settlement when it became clear that Plaintiff had a risk of uninsured exposure in the Mahoney Litigation.

settlement. The undisputed facts show that Tudor entered into a settlement with the Mahoneys approximately four months before trial and notified National Union that it was obligated to assume Somerset's defense. National Union, however, initially declined to accept Somerset's defense and a dispute ensued between Tudor, Somerset, and National Union regarding which was obligated to assume Somerset's defense. Ultimately, National Union accepted Somerset's defense two months before trial. At that point, MMP withdrew from the case, and Plaintiff was forced to switch to new defense counsel just months before trial. The Louisiana Supreme Court has stated:

> [T]he insurer must make every effort to avoid prejudicing the insured by the timing of its withdrawal from the litigation. . . . Arguably there may be a point in ongoing litigation at which the insurance company's withdrawal from the defense of the insured would be so prejudicial to the insured's interests that it would constitute a breach of the company's duty to act as a fiduciary toward the insured and to discharge its policy obligations in good faith.[21]

Although Plaintiff was never left without a defense, a jury could find that the timing of Tudor's withdrawal, and the dispute that accompanied it, prejudiced Plaintiff and required it to incur additional attorneys' fees in protecting its interests.[22] Such a fact intensive determination is inappropriate for summary judgment. Louisiana courts have stated that "any payment of the policy limits which does not release the insured from a pending claim . . . even if sufficient

---

[21] *Pareti*, 536 So. 2d at 423 n.9.
[22] *See Kantack*, 618 So. 2d at 498 (denying summary judgment in light of fact issues regarding "whether Progressive's payment of policy limits fulfilled its duty to defend, whether the timing of Progressive's withdrawal was detrimental to Dr. Kantack, and whether Progressive discharged its policy obligations in good faith").

to terminate the duty to defend under the wording of the policy involved, raises serious questions as to whether the insurer has discharged its policy obligations in good faith."[23] Here, those questions are best answered by the trier of fact.

## **CONCLUSION**

For the foregoing reasons, Tudor's Partial Motion for Summary Judgment on Attorney's Fees is GRANTED, and its Partial Motion for Summary Judgment on Breach of Fiduciary Duty is DENIED.

New Orleans, Louisiana this 5th day of February, 2019.

**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[23] *Pareti*, 536 So. 2d at 424.