# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOMERSET PACIFIC LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-7099** |
| **TUDOR INSURANCE CO.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is Defendants Musgrave, McLachlan & Penn, LLC ("MMP") and Westport Insurance Co.'s ("Westport") Motion for Summary Judgment (Doc. 64). For the following reasons, the Motion is GRANTED.

## BACKGROUND

This litigation arises out of a 2014 lawsuit in the 19th Judicial District of Louisiana, *Mahoney v. Somerset*, in which the plaintiffs alleged that a 2-year-old child was severely burned by hot water at an apartment complex owned by Plaintiff Somerset Pacific, LLC ("Somerset"). Both Somerset and its insurer, Tudor, were defendants in the *Mahoney* litigation. Somerset was insured by a $1 million primary liability policy with Defendant Tudor, as well as a $10 million excess policy with Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"). Tudor accepted Somerset's

defense and hired the law firm of Musgrave, McLachlan & Penn, LLC ("MMP") to represent Somerset and Tudor in *Mahoney*.

The Mahoneys initially demanded $24 million to settle their claims. This demand raised concerns about Somerset's potential uninsured exposure, and Somerset hired the law firm of Sher Garner to represent it with respect to those concerns.

Tudor ultimately settled the Mahoneys' claims for its policy limits about four months before trial. Thereafter, National Union took over Somerset's defense, and Gieger, Laborde & Laperouse enrolled to represent it. MMP withdrew from its representation about two months prior to trial.

In this matter, Somerset brings a claim for legal malpractice against MMP and its insurer Westport for various instances of negligence in MMP's representation in the *Mahoney* litigation. MMP now moves for summary judgment on Somerset's claims.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

---

[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).

[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

MMP moves for dismissal of the legal malpractice claim against it. To establish a valid legal malpractice claim under Louisiana law, a plaintiff must prove: "(1) the existence of an attorney-client relationship; (2) negligent representation by the attorney; and (3) loss caused by that negligence."[9] The claim cannot succeed if any one of these elements is not met.[10]

The parties do not dispute the existence of an attorney-client relationship between Somerset and MMP. As to the second prong, Somerset alleges several instances of negligence in MMP's representation in the *Mahoney* litigation. Specifically, it alleges MMP was negligent in (1) failing to remove the case to federal court, (2) filing an answer on behalf of the incorrect entity, (3) failing to adequately advise Somerset regarding its corporate deposition, and (4) failing to produce documents, resulting in allegations of dishonest conduct by the Mahoneys. Even assuming Somerset could prove that MMP was negligent in its representation, however, it cannot succeed on the third prong of its legal malpractice claim—loss caused by the alleged negligence.

Somerset alleges that its damages are the amounts it spent retaining Sher Garner to protect its interest in the *Mahoney* litigation. It is undisputed that Somerset initially retained Sher Garner to monitor the potential for uninsured excess exposure in Mahoney. However, Somerset alleges that it thereafter expanded Sher Garner's role in light of its growing concerns about MMP's representation. Somerset alleges that it incurred fees and costs for Sher

---

[9] MB Indus., LLC v. CNA Ins. Co., 74 So. 3d 1173, 1184 (La. 2011).
[10] Palumbo v. Shapiro, 2011 WL 6210725, at *7 (La. App. 4 Cir. 2011).

4

Garner's representation in (1) keeping Somerset informed of the Mahoney litigation because MMP failed to do so, (2) performing "any tasks necessary" to protect Somerset's interests, and (3) assisting new defense counsel with the transition after MMP's withdrawal.

To succeed on the third element of a legal malpractice claim, however, Somerset must show evidence that the defendant's alleged negligence caused its loss.[11] To make this showing, the plaintiff must prove that the attorney's performance would have prevented the loss.[12] If the alleged loss would have resulted irrespective of any alleged negligence, that alleged negligence is not actionable as a substantial factor or a cause in fact.[13] In other words, "[s]imply establishing that an attorney was negligent, whether based upon the failure to conform to an ethical rule or some other standard, would not be sufficient to state a cause of action for legal malpractice."[14]

Somerset does not show how any of MMP's alleged acts of negligence caused its damages. Sher Garner was retained to monitor the *Mahoney* litigation in light of the risk of uninsured excess exposure. In that capacity, it would have taken steps to keep Somerset informed of the litigation, performed tasks to protect Somerset's interests, and likely assisted in the transition to new counsel. Somerset does not show how any of MMP's acts of negligence resulted in these additional fees. It does not identify any tasks performed by Sher Garner that resulted from MMP's failure to remove the case to federal

---

[11] *MB Indus.*, 74 So.3d at 1187.

[12] *Holland*, 971 So.2d at 1231.

[13] Exec. Recruitment v. Guste, Barnett & Shushan, 533 So.2d 129, 131 (La. App. 4 Cir. 1988), writ denied, 535 So.2d 742 (La. 1989).

[14] *Teague*, 10 So. 3d at 821 (citing *Exec. Recruitment*, 533 So. 2d at 131).

court, failure to file an answer on behalf of the correct entity, failure to adequately advise Somerset regarding its corporate deposition, or failure to produce certain documents. Ultimately, Somerset seeks damages for its decision to increase Sher Garner's participation because of its subjective concerns over MMP's representation. Somerset has not cited to any case allowing the recovery of damages for attorney's fees voluntarily incurred to retain a law firm to monitor or give a second opinion on a matter. Instead, the cases relied upon by Somerset allow awards for the costs incurred in "mopping up" a negligently handled matter.[15] That is not what happened here. Accordingly, Somerset cannot succeed on its claim of legal malpractice against MMP.

## CONCLUSION

For the foregoing reasons, MMP and Westport's Motion for Summary Judgment is GRANTED. Plaintiff's claims against MMP and Westport are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 6th day of February, 2019.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[15] Henderson v. Domingue, 626 So. 2d 555, 560 (La. App. 3 Cir. 1993) (discussing Ramp v. St. Paul Fire & Marine Ins. Co., 269 So.2d 239 (1972)). Plaintiff cites to *Ramp*, 269 So. 2d at 246, in which the Louisiana Supreme Court allowed the recovery of attorney's fees incurred by the plaintiffs for bringing litigation to obtain their legitimes that were lost as a result of legal malpractice.